DECISION
{¶ 1} Appellant, Kanwal N. Singh, appeals from a judgment of the Board of Tax Appeals ("BTA") dismissing his appeal premised on a letter of the Franklin County Board of Revision ("BOR") that announced the BOR's intent to implement the BTA's September 14, 2001 decision affirming an earlier BOR determination to increase the property value for certain property located within the Gahanna-Jefferson Public School District. Because the BTA properly dismissed appellant's appeal, we affirm.
 {¶ 2} The procedural posture of this case, which ultimately is dispositive of appellant's appeal, is largely undisputed. On March 16, 2000, the Board of Education of the Gahanna-Jefferson Public Schools filed a complaint, premised on a recent arm's-length sale of the subject property, challenging the property's evaluation. Following a hearing, the BOR issued a decision on August 3, 2000, concluding that a valuation increase for the parcels at issue was warranted effective January 1, 1999. The communication BOR sent with respect to each parcel advised appellant of the opportunity to appeal.
 {¶ 3} On August 21, 2000, appellant timely appealed the BOR's determination and, on September 14, 2001, the BTA affirmed the BOR's decision. Appellant did not appeal the BTA's determination.
 {¶ 4} Apparently confusing the case at issue with a companion case that also had involved appellant and that had been remanded to the BOR for further action, the BOR, on February 3, 2003, informed appellant that the matter had been set for hearing with the BOR on February 25, 2003. On March 3, 2003, however, the BOR corrected its February 3, 2003 missive by informing appellant that the BTA's decision and order of September 14, 2001 was "officially implemented by the Board of Revision." On April 1, 2003, appellant filed a notice of appeal from the March 3, 2003 letter of the BOR. Concluding the letter was not a decision, but rather mere correspondence advising appellant that the BTA's decision was being implemented, the BTA dismissed appellant's appeal.
 {¶ 5} Appellant appeals from the BTA's order dismissing his appeal and assigns the following errors:
1. The Board of Tax Appeals erred by permitting/allowing without change the Unconstitutional action of the Board of Revision on or about of [sic] March 3, 2003, raising in part the Taxes through December 31, 2002 of a parcel (part of previous parcels-now a new parcel) no longer owned by Kanwal N. Singh since 6/4/2001.
2. The Board of Tax Appeals erred by permitting/allowing without change the Unconstitutional action of the Board of Revision on or about of [sic] March 3, 2003 raising in part the Taxes through December 31, 2002 of parcels no longer existing
since 6/4/2001.
3. The Board of Tax Appeals erred by permitting/allowing without change the Unconstitutional action of the Board of Revision on or about of [sic] March 3, 2003 acting Unlawfully late upon a Decision and Order of Board of Tax Appeals of September 14, 2001. The Ohio Revised Code statutory requirement limits BOR jurisdiction to 90-days of BOR [sic] attainingjurisdiction.
4. The Board of Tax Appeals erred by not holding theConstitutionality hearing required to be held by The Board of Tax Appeals about the action of the Board of Revision on or about of [sic] March 3, 2003 raising in part the Taxes through December 31, 2002 of a parcel no longer owned by Kanwal N. Singh since 6/4/2001 and other parcels not existing after 6/4/2001.
5. The Board of Tax Appeals erred by dismissing Appeal 2003-A-422 based upon erroneously narrow reading of R.C.5717.01. Further, we request this Court to Declare the statute R.C. 5717.01 and related sections Unconstitutional or for BTA to adopt procedures that make the procedure Constitutional. This request is based on one or more of the following Unconstitutional results-(a) BTA has permitted BOR substantial raising of taxes for a parcel sold and no longer owned by person taxed, (b) BTA has permitted BOR to tax parcels no longer existing and (c) BTA has permitted BOR to negligently wait too long, on March 3, 2003 to act after the BTA decision of September 14, 2001.
6. The Board of Tax Appeals erred by allowing BOR action of March 3, 2003 [to] stand, which in turn allowed Unconstitutionalerror of [the] Singhs being Charged raised taxes from January 1, 1999 through January 4, 2000 even though Singhs did not own the property during that period.
7. The Board of Tax Appeals erred by allowing BOR action of March 3, 2003 [to] stand, which in turn allowed Unconstitutionalerror of Property Tax being raised retroactively from January 1, 1999 through December 31, 1999.
 {¶ 6} Despite appellant's assigned errors, the sole issue on appeal is whether the BTA properly dismissed appellant's attempt to appeal from the BOR's March 3, 2003 letter advising appellant that the BTA's September 14, 2001 decision had been implemented.
 {¶ 7} Former R.C. 5717.01, pertinent to appellant's appeal, provides that "[a]n appeal from a decision of a county board of revision may be taken to the board of tax appeals within thirty days after notice of the decision of the county board of revision is mailed as provided in section 5715.20 of the Revised Code." R.C. 5717.04, in turn, provides that BTA decisions may be appealed to the Supreme Court or the appropriate court of appeals within 30 days of entry of the decision.
 {¶ 8} Because appellant attempted to appeal from the BOR's March 3, 2003 letter, the issue before us reduces to whether that letter is a "decision" from which appellant may appeal under R.C.5717.01. Resolution of that issue is determined by appellant's failure to appeal under R.C. 5717.04 from the September 14, 2001 BTA decision that increased the tax value of the four parcels subject of appellant's appeal.
 {¶ 9} Specifically, the BTA's September 14, 2001 decision increased the tax value of the parcels at issue, effective January 1, 1999; it did not remand the matter to the BOR for further consideration or action. Because appellant did not appeal the BTA's September 14, 2001 decision, it became final. As a result, appellant lost the opportunity to challenge the determination, and the BOR lacked a basis for re-examining or redetermining the tax value of the four parcels for the time period encompassed in the BTA decision. As a result, the BOR's March 3, 2003 letter could not "decide" anything, and indeed it simply advised that the BTA's final determination had been implemented.
 {¶ 8} Appellant nonetheless notes the BOR's February 3, 2003 letter assigning the matter for hearing on February 25, 2003. Even if the BOR's letter was misleading, the facts demonstrate that appellant's failure to appeal the BTA's September 14, 2001 decision left the BOR no basis to take further action on the matter. The BOR's March 3, 2003 letter was correspondence that corrected any misunderstanding created by the February 3, 2003 letter, advised appellant that the September 14, 2001 BTA decision had been implemented, and decided nothing that could be appealed.
 {¶ 9} In the final analysis, because the BOR's March 3, 2003 letter is not a decision pursuant to R.C. 5717.01, the BTA properly dismissed appellant's appeal from it. Accordingly, we affirm the decision of the BTA.
Judgment affirmed.
Bowman and Petree, JJ., concur.